Argued and submitted February 25, affirmed June 19, reconsideration denied November 6, petition for review allowed December 17, 1991 (312 Or 527)

# LLOYD CORPORATION, LTD.,
*Respondent,*

*v.*

# Lucinda WHIFFEN,
Hale Lee Weitzman and Eric Stachon,
*Appellants.*

# SI-LLOYD ASSOCIATES,
*Respondent,*

*v.*

# JOHN DOES 1-100,
*Defendants.*

(A8512-08127, A8803-01216; CA A62648)

813 P2d 573

Gregory Kafoury, Portland, argued the cause for appellants. With him on the briefs was Elisabeth Jacobs, Portland.

Duane Bosworth, Portland, argued the cause for respondents. With him on the brief was Sean Donahue, Portland.

Ridgway K. Foley, Jr., Portland, filed a brief *amici curiae* for Washington Square, Valley River Shopping Center, Oakway Center and Pioneer Place.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendants appeal an injunction[1] that restricts their signature gathering for initiative petitions at the Lloyd Center (Center) in Portland. On *de novo* review, we affirm.

---

[1] The trial court enjoined defendants from violating Center's "Rules for Political Petitioning." Defendants' assignment of error concerns only these rules:

"1. Prior to engaging in political petitioning, a petitioner must notify the Center management office and complete and sign a legible notice form providing the Center with the name, address and signature of the petitioner expected to be soliciting signatures, the dates and times each petitioner will be petitioning, a copy of the petition to be signed and of leaflets or literature to be distributed, if any. This notice form must be filed with the Center office at least 24 hours prior to any petitioning activities, unless such is not required under Rule 2, infra.

"2. If a petitioner anticipates petitioning in the Center on a regular basis, the notice form shall specify each specific date and time (up to a maximum of four weeks in advance) that each petitioner will be petitioning at the Center. Thereafter, if that petitioner intends not to petition on any of the designated dates, the petitioner shall give telephone or other notice of that intent to the Center office at least 24 hours in advance, except in emergencies when notice shall be given as soon as possible. An individual petitioning for a petitioner may, so long as this notice form is on file, inform the Center of his or her name upon commencement of petitioning, and shall not be required to have notified the Center of such identifying information prior to commencement of petitioning, so long as this long-term petitioning notice is on file with the Center.

"* * * * *

"4. Political petitioning shall occur only on the mall level in the areas set forth as follows:

"a. Area 30 x 50 feet West of spiral staircase at entrance to East Mall.

"b. Area 10 x 30 feet along the railing to the North side of the ice rink, immediately West of the bridge to entrance of the North Mall on the Main Mall level.

"In addition, upon completion of the construction, and re-opening of the premises described as the West Mall, then

"c. Area 30 x 40 feet at entrance to West Mall near West end of skating rink on the main Mall level.

"5. No more than two persons for each petition may gather signature [*sic*] at one time in the Center and no more than one person for each petition shall be in any one designated petitioning area. However, upon completion of the construction, and the opening of the third area, described in Rule 4, then no more than three persons for each petition may gather signatures at one time in the Center. No more than a total of three persons who are carrying four or more petitions each shall be permitted in any one area designated for petitioning.

"* * * * *

"7. The Lloyd Center will provide a booth or table and chairs, which shall not be removed from the petitioning areas referred to in Rule 4, supra.

"* * * * *

"15. Political petitioning shall not be allowed from Thanksgiving Day until January 3, nor during the annual two-week period of Portland's Rose Festival celebration."

In *Clackamas Town Center Assoc. v. Wolf,* 105 Or App 593, 806 P2d 146 (1991), we upheld an injunction that restricted signature gathering on the plaintiff's property. We said:

> "The evidence supports imposition of the restrictions. Although they limit defendants' ability to gather signatures, they are reasonable, because they do not unduly limit defendants' opportunities to carry out the initiative process; that is, they do not confine defendants to the little traveled areas of the mall nor limit soliciting to times when few people are present. Additionally, they are reasonably related to preventing substantial interference with the business concerns of Center. The trial court did not err in granting the injunction." 105 Or App at 598.

Similarly, Center's rules establish a limited number of areas for signature gathering and limit the number of signature gatherers. However, those rules also require that signature gatherers give notice of their intent to solicit signatures and prohibit signature gathering during the Christmas season and the Rose Festival. Although the rules are in some ways more restrictive of defendants' ability to gather signatures than the rules reviewed in *Clackamas Town Center Assoc. v. Wolf, supra,* we hold that they are reasonable and that they are reasonably related to preventing substantial interference with Center's business in light of the record before us.[2]

Affirmed.

---

[2] Witnesses testified that the restrictions are intended to reduce the likelihood that Center's customers will become distracted by the signature gatherers' activities. Center's tenants seek to attract customers to enter their stores by using window displays that are visible from common areas. Center's general manager testified that Rules 1 and 2 help it to avoid potential disruption caused by having groups representing conflicting interests in the same area and also enable Center to maintain security. He also testified that Rule 15 was necessary, because the common area of the mall is "fully taxed" by displays and because of congestion caused by the large crowds that visit Center during the Christmas and Rose festival seasons.